# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARYANNE LEVESQUE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | NO. 3-01-CV-1325 (DJS) |
| V. | : | |
| | : | |
| TOWN OF VERNON, LAURENCE R. SCHAFFER, JOHN VAN OUDENHOVE and DANIEL SULLIVAN, | : | |
|     Defendants. | : | FEBRUARY 20, 2004 |

## LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to D. Conn. L. Civ. 56(a)(1), the Defendants, The Town of Vernon (the "Town"), Laurence R. Schaffer, John Van Oudenhove and Daniel Sullivan, hereby submit the foregoing statement of material facts as to which there is no genuine issue to be tried. All exhibit references are to exhibits attached to the Defendants' Memorandum of Law In Support of Summary Judgment.

    1.    The Town utilizes a classified civil service system of employment based on merit. See Charter of the Town of Vernon, Chapter XIV, p. 43, (hereinafter the "Charter") (**Exhibit 1;** Shaffer Affidavit, ¶ 4; Sullivan Affidavit, ¶ 4). According to the Town's Charter, classified civil service employees are selected on the basis of merit, and may not be terminated except for cause, reduction in force due to necessary economics, or abolition or consolidation of positions by reorganization. Id., pp. 43-44.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2. Pursuant to the Charter, the Town has adopted Personnel Rules & Regulations, which constitute a merit system by which the Town seeks to treat employees and candidates for employment in a fair and impartial manner based on their ability and fitness to perform work for the Town, free of personal and political considerations. See Town of Vernon Personnel Rules & Regulations, Foreword, p. iv., (hereinafter the "Personnel Rules")( **Exhibit 2**; Shaffer Affidavit, ¶ 5; Sullivan Affidavit, ¶ 6). The Personnel Rules provide comprehensive rules and regulations regarding the employment of the Town's employees including compensation, leave, recruitment, selection and appointment of employees, grievance procedures, conduct of employees, and disciplinary actions, including termination, among others. Id.

3. The Plaintiff commenced her employment with the Town in a part-time clerical position in the office of the Town Assessor, effective August 7, 1995. (Letter to Maryann Levesque, dated July 20, 1995, **Exhibit 3**).

4. On April 3, 1996, the Plaintiff was appointed to the position of Assessment Technician, effective April 15, 1996. (Letter to Ms. Levesque, dated April 3, 1996, **Exhibit 3**). The Plaintiff was compensated at an annual salary of $21, 858.20 for a thirty-five hour work week, which was grade 7, step 1 of the Town's Position Classification and Compensation Plan. See Id. The Town specifically informed the Plaintiff that she would be working in a nine (9) month probationary period, and upon completion of this probationary period, she would be accorded permanent employee status in her position. See Id.

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5. Numerous memoranda and notes to and between her supervisors and co-workers indicate that the Plaintiff was an inquisitive individual who continuously attempted to micromanage her fellow employees and even her supervisors. (**Exhibits, 6-11**).

6. Although the Plaintiff appeared to have personality problems with many of her co-workers, even in the early years of her employment, the Plaintiff especially conflicted with Laura Knipple, an Assessment Technician who was appointed in December 1999. (**Exhibits, 6-11,** Complaint, ¶ 16).

7. The Plaintiff continually states in different memoranda and notes submitted to the Town and the individual Defendants that Ms. Knipple was the source of her problems. (**Exhibits 6-11**).

8. The first such document memorializing the Plaintiff's conflict with Ms. Knipple was sent to Human Resources Officer, Daniel Sulllivan by the Plaintiff. (**Exhibit 6**). In her memo, the Plaintiff complained that "Laura was giving [her] the silent treatment" and that Laura had "told [her] in a rude and abrupt manner, not to interrupt her when she was with a tax payer." Id.

9. By memo dated November 17, 1999, Ms. Knipple complained to the Town of daily harassment by the Plaintiff. (**Exhibit 7**). The memo states the Plaintiff refused to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

wait on customers, constantly checked on Ms. Knipple to see what she was doing, listened in or her conversations and was disruptive of the entire department.  Id.

10.  On April 27, 2000, Ms. Knipple sent a memo to Town Assessor, Mr. Jack Van Oudenhove, copied to Mr. Sullivan, stating she "can no longer work with Maryann without a manager or supervisor in this department … [and she was] not going to put up with her constant harassment." (**Exhibit 7**).  Ms. Knipple described the situation as "unsettling" and noted she was "not sleeping" because of the conditions in the office.  See Id.  In this memo, Ms. Knipple also requested a leave of absence for stress-related health reasons.  See Id.

11.  Other employees complained about the Plaintiff's inappropriate office behavior.  On January 1, 2000, Suzanne Aregood sent a memorandum to Mr. Van Oudenhove, copied to Mr. Sullivan, stating that the Plaintiff had been going through her desk and that this "needs to stop."  (**Exhibit 8**).

12.  The Town had sent numerous memoranda to the Plaintiff regarding her inappropriate behavior. (**Exhibit 9, 11**)  These memoranda from the Town and the individual Defendants highlight the Plaintiff's controlling behaviors and her refusal to follow directions from her supervisors. Id.

14.  The Plaintiff has submitted numerous memoranda to the Town and the individual defendants all of which related to her personal problems and focus on her belief that she was just doing her job and that she did not have any problems with the Town prior to Ms. Knipple's hire. (**Exhibits 6, 10, 17, 18, 20, 28**).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

15. The Plaintiff's memoranda to the Town lack any substantive complaints regarding any matters of public concern, but rather focus on her own personal problems such as lunch breaks, sick time, office behavior, absences, and work performance, among other personal problems. (**Exhibits 6, 10, 17, 18, 28**).

16. On June 10, 1999, Mr. Van Oudenhove and Mr. Sullivan sent the Plaintiff a letter outlining problems, including leaving for lunch early, copying papers from other employees' desks without the knowledge of that person, leaving meetings with supervisors before the conversation is over, and courteously dealing with employees. (**Exhibit 9**). The letter told the Plaintiff "in general, you must be more cooperative in dealing with Jack, Jane, and Laura." Id.

17. On June 15, 1999, Mr. Sullivan sent the Plaintiff a second letter indicating that it was her responsibility to inform her supervisor, Mr. Van Oudenhove, of her absences and the reason for her absences, which the Plaintiff had not done. (**Exhibit 9**). The letter also indicated that if a personal problem was the cause of the Plaintiff's recent absence, she could be referred to the employee assistance program. See Id.

18. The Plaintiff replied to these letters by denying her actions were problematic. (**Exhibit 10**). The Plaintiff requested a separate work area from Ms. Knipple, whom the Plaintiff claimed she was "afraid of" and who was "bullying" her. See Id., p. 3. The Plaintiff concluded her letter with the accusation "it seems funny neither Mr. Van Oudenhove or Ms. Grigsby (another town employee) had a problem with me until Ms. Knipple arrived." Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

19. On November 4, 1999, Mr. Van Oudenhove sent a letter to the Plaintiff reprimanding her from being away from her desk for extended periods of time. (**Exhibit 9**).

20. The Plaintiff replied to Mr. Van Oudenhove in writing, claiming she always told other employees when she is going to be away from her desk, and apparently they were "not listening" to her. (**Exhibit 10**. Again, the Plaintiff claimed "since Laura [Knipple] has come into the office there seems to be problems. You never seemed to have any problems with me before she came, I am sick of being your punching bag." Id.

21. On November 17, 1999, Mr. Van Oudenhove sent the Plaintiff another memorandum in which he told the Plaintiff she was "still looking over peoples shoulders and felt [she was] in a supervisory capacity. Again, this has got to stop. You need to do the work that is assigned to you and not watch for other people." (**Exhibit 9**).

22. On November 17, 1999, Mr. Sullivan sent a memo to Mr. Van Odenhove regarding the referral of an Employee Assistance Program ("EAP") Counselor to meet with the Plaintiff and Ms. Knipple to discuss office communication and working effectively with fellow workers. (**Exhibit 9**). As such, Mr. Sullivan sent the Plaintiff a memorandum regarding the referral of the EAP Counselor in hopes that the counselor will provide suggestions on how to resolve the conflict. (**Exhibit 9**).

23. Mr. Sullivan sent the Plaintiff two subsequent memoranda regarding the referral to the Employee Assistance Program dated December 2, 1999 and December

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

13, 1999.  (**Exhibit 9**).  Mr. Sullivan informed the Plaintiff that the Town made this referral because there is friction between employees in the Assessor's Office characterized by over-reaction to comments that are viewed as criticism, variations in cooperation, complaints from co-workers, resentments, irritability, and avoidance of associates.  You are one of the two employees who have told us that there is difficulty working together who have been referred to our program." Id.

24. On January 18, 2000, Mr. Sullivan sent the Plaintiff a memorandum regarding her failure to follow instructions.  (**Exhibit 9)**.  Mr. Sullivan informed the Plaintiff that he had learned the Plaintiff had deleted account records prematurely and that because of her actions, the Town no longer has an accounting of records that have been deleted from the original state DMV tape. See Id.  Mr. Sullivan informed the Plaintiff, "[y]our failure to follow specific instructions is direct disobedience and give the impression that you do not understand the purpose of some of the work that we do.  We must leave a clear paper trail [sic] with these records." Id.

25. The Plaintiff responded to Mr. Van Oudenhove by letter dated January 18, 2000, stating that she and Mr. Van Oudenhove "had a fairly good working relationship until Ms. Knipple became part of the office." (**Exhibit 10**).   The Plaintiff disputed an earlier reprimand by informing Mr. Van Oudenhove he "didn't grasp the idea" she was trying to explain to him, and disputes an error in the office's grand list attributed to her. See Id. The Plaintiff also informed her supervisor that she "will no longer be a victim to your sarcasm and absurd behavior," and that the "harassment I receive from Laura and

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the temp Sue is unworthy." Id., p. 2.  The Plaintiff further opined, "Ms. Aregood should be let go."  Id.

26.     On January 23, 2000, the Plaintiff complained to Mr. Schaffer in writing regarding Mr. Van Oudenhove. (**Exhibit 10**).   The Plaintiff indicated that, "Mr. Van Oudehove is very dictatorial and governing on nonsense issues." See Id.  Despite the numerous written reprimands that pre-date this letter, the Plaintiff claimed "I have at no time ever received a verbal or written complaint concerning any of the work that I do in the office." Id.

27.     On February 8, 2000, Mr. Van Oudenhove sent the Plaintiff a letter confirming that her "interferences" in the office have been reported to him as discourteous and disrespectful to her fellow employees. (**Exhibit 9**).  Mr. Van Oudenhove informed the Plaintiff that she expected her to behave in a professional manner, keep mistakes within the office, ask for permission to work overtime, and not take work home. See Id.

28.     On February 11, 2000, Mr. Van Oudenhove sent the Plaintiff a memo indicating that on November 19, 1999, she had been informed not to put in any comp time or overtime without permission. (**Exhibit 9**).   The memorandum indicates that the Plaintiff had submitted extra time anyway, since Mr. Van Oudenhove was "unavailable." See Id.

30.     On March 9, 2000, Mr. Shaffer responded to the Plaintiff's January 23, 2000 letter.  (**Exhibit 9**).  Mr. Schaffer suggested the Plaintiff comply with her

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

supervisor's instructions. See Id. He further told the Plaintiff that she was "not exclusively responsible for the relationship between you and your co-workers. However, you do not appear to make a contribution to a resolution." Id. Mr. Shaffer further noted that the Plaintiff refused to participate in the EAP meetings since she was unable to tape record the meetings with the EAP counselor. See Id.

31.     On March 16, 2000, Mr. Sullivan sent the Plaintiff a five (5) page memorandum summarizing the Plaintiff's problems with her behavior in the office and expectations. (**Exhibit 11**). Mr. Sullivan summarized the events regarding the Plaintiff's behavior and performance from March 30, 1999 through January 23, 2000. See Id. As such, the Plaintiff was aware of such problems dating to at least March 30, 1999. Id. Mr. Sullivan noted that during the past several months, the Plaintiff has been very disruptive and have had difficulty in getting along with her supervisors and fellow employees. See Id., p. 4. Mr. Sullivan informed the Plaintiff that the memorandum would not be placed in the Plaintiff's personnel file at that time, because he believed that the Plaintiff had the ability to identify the necessary changes now that they had been identified for her. See Id., p. 5.

32.     Notwithstanding cumulative warnings set forth in this letter, Mr. Van Oudenhove sent the Plaintiff a subsequent letter on April 18, 2000 regarding a further warning on cooperation. (**Exhibit 12**. Mr. Van Oudenhove informed the Plaintiff that she was not being open or cooperative regarding the discussion of office procedure issues. Mr. Van Oudenhove specifically informed the Plaintiff "[i]f you do not follow my

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

instruction by following procedure and helping in training our newer employees, you will be subject to disciplinary action including warnings, suspensions, and eventually dismissal." Id.  As such, the Plaintiff was aware as of at least April 18, 2000, and likely sooner, that her behavior and performance problems could result in her termination.  Id.

33. On April 19, 2000, the Plaintiff filed a grievance regarding Mr. Van Oudenhove's memorandum warning her on cooperation.  (**Exhibit 13**).

34. On April 20, 2000, Mr. Shaffer responded to the Plaintiff and informed her to follow the Grievance Procedure as outlined on page 30, Section 12.3 of the Personnel Rules.  (**Exhibit 13; Exhibit 2, p. 30**).

35  On May 5, 2000, Mr. James M. Luddecke, Finance Officer and Treasurer, responded to the Plaintiff's grievance pursuant to Step 2, Section 12.3 of the Personnel Rules & Regulations.  (**Exhibit 14**).  Mr. Luddecke's response to the Grievance addressed the issues of Title Transfers, Correction/Certificate Numbers on License Plate Receipts and Cooperation – Office Procedures and Training.  See Id.  Mr. Luddecke noted that the Plaintiff again, expressed reluctance to training Ms. Knipple.  See Id.  Mr. Luddecke specifically informed the Plaintiff that it is imperative to openly discuss office procedures and to follow instructions.  Id.

36. On April 27, 2000, the Plaintiff was notified of the scheduling of her Performance Evaluation.  (**Exhibit 15**).  The Plaintiff was informed that if her evaluation was satisfactory, she will be eligible to advance from Step/Grade N5-2 to Step/Grade N5-3, with an increase of her salary of $26,809.00 to $27,755.00.  See Id.

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

37.     In July 2000, the Plaintiff was denied her periodic step increase in pay, in part due to concerns over her behavior and that a reprimand had been given since their meeting in July 2000.  (**Exhibit 16**).

38.     By letter dated November 21, 2000, the Plaintiff grieved this decision and expressed her opinion she was being subjected to abuse of authority in the form of "discriminatory conduct, unequal treatment and harassment."  **(Exhibit 17)**.

39.     Mr. Shaffer denied the Plaintiff's grievance by Memorandum dated November 27, 2000 for the reason that he did not find any evidence of discriminatory conduct, nor did her letter state that she had been discriminated against on the basis of a discriminatory classification. (**Exhibit 17**).   Mr. Shaffer noted that the Plaintiff "spent a great deal of time in [her] letter focusing on whether Laura Knipple has received a letter of reprimand. Ms. Knipple's performance is not, nor has it been, the issue that has driven the concerns expressed to you relative to your performance."  Id.

40.     On January 3, 2001, the Plaintiff again complained about her treatment compared to other employees, Ms. Knipple in particular.  (**Exhibit 18**).  The Plaintiff's memorandum again focused on her own personal problems with Ms. Knipple, referenced the Personnel Rules Section 13.6 regarding sexual harassment, and is completely devoid of any claims regarding speaking out on matters of public concern.  See Id.

41.     By February 2001 the Plaintiff was causing disturbances in the office once more.  (**Exhibit 19**).   In this memorandum, Mr. Van Oudenhove wrote to Mr. Schaffer

- 11 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

seeking employment action against the Plaintiff because of her continued poor attitude towards her co-workers. See Id. Mr. Van Oudenhove stated in the memorandum that the Plaintiff "appears to have a persecution complex as she is always taking issue with the most mundane task or directive. This behavior has been ongoing over the last several years despite numerous verbal and written warnings." Id. Mr. Van Oudenhove concluded that the Plaintiff "is not suited for this position based on several years of well-documented episodes. It is my recommendation that she be removed from this office immediately." Id.

42. In February 2001, the Plaintiff sent a letter to Mr. Shaffer, which set forth her complaints regarding the use of her sick time, notice to the Plaintiff regarding overtime scheduling under the Personnel Rules, and her request for reconsideration of the denial of her step increase. (**Exhibit 20**). This letter again sets forth the Plaintiff's complaints regarding her own personal concerns and her own problems with Ms. Knipple and does not set forth any matters regarding public concern. See Id.

43. Due to the Plaintiff's failure to respond to the Town's continued efforts to attempt to correct her behavioral problems with other employees, which dates back to at least June 1999, the Town had made the decision to terminate the Plaintiff in December 2000. (**Exhibit 21**). The Town, however, had delayed the Plaintiff's termination until after the holidays and her termination was postponed until March 2001. Id. Initially, it appeared that the Plaintiff's personal problems had subsided, however, as

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

demonstrated by Mr. Van Oudenhove's memo to Mr. Shaffer on February 2, 2001, the Plaintiff's problems had continued into February 2001. (**Exhibit 19**).

44.   On February 23, 2001, Mr. Van Oudenhove sent a memorandum to Mr. Shaffer requesting to permanently remove the Plaintiff from the assessor's office staff. (**Exhibit 22**).

45.   On March 8, 2001, Mr. Sullivan presented the Plaintiff with a written notice of a "pre-termination hearing" to be held that evening. (**Exhibit 23**). The letter advised the Plaintiff that the Town was considering terminating her employment and that she would have an opportunity at the hearing to present reasons why she should not be terminated. See Id.

46.   On March 12, 2001, Mr. Schaffer, Mr. Sullivan, and Ms. Herold met with the Plaintiff to discuss her termination. (Complaint ¶¶ 32, 34; Shaffer Affidavit ¶ 33, attached hereto as Exhibit 29).

47.   Following the March 12, 2001 meeting, Mr. Shaffer sent the Plaintiff a letter to notify her that she was being dismissed from employment with the Town because of continued uncooperative behavior, disruptive behavior, failure to follow supervisor's instructions, leaving the office without permission and being unable to get along with supervisors and co-workers. (**Exhibit 23**). Mr. Shaffer's letter confirmed that the decision was made after a pre-termination meeting held on March 8, 2001 and stated "[s]ince June of 1999, your supervisors have taken many corrective actions to notify you of problems and to change your behavior, however there has been no

- 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

change." Id.  Mr. Shaffer informed the Plaintiff that she has the right to appeal this decision under Section 12, Grievance Procedures of the Personnel Rules and Regulations.  See Id.

    48.    By memoranda dated March 15, 2001 and March 22, 2001, the Plaintiff appealed her termination decision to Mr. Luddeck and Mr. Van Oudenhove.  (**Exhibit 24**).

    49.    On March 30, 2001, Mr. Van Oudenhove sent the Plaintiff a letter acknowledging receipt of the Plaintiff's appeal of her termination indicating that he had reviewed the facts of this case, but determined to let the decision stand and denied the Plaintiff's grievance. (**Exhibit 25**).

    50.    The Plaintiff thereafter appealed to Mr. Schaffer pursuant to the Town' rievance procedure, and met with Mr. Schaffer, Ms. Herold and per the Plaintiff's request, Town Council Member Diane Wheelock.  (**Exhibit 26**).

    51.    Following this meeting, Mr. Schaffer upheld the Plaintiff's termination by letter dated April 16, 2001. (**Exhibit 27**).

    52.    The Plaintiff thereafter submitted a letter regarding her termination to the Town Council and requested an opportunity to communicate with the Council about her termination.  The Council has not complied with the Plaintiff's request.  (**Exhibit 28**; Complaint, ¶ 40).

    53.    The Plaintiff never complained to the town regarding her opinion of mismanagement, abuse of authority or waste with the operation of the Assessor's

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Office. To the contrary, the overwhelming majority of correspondence the Town received from the Plaintiff contained her personal complaints regarding her use of sick time, lunch schedules, and her personal conflicts with Ms. Knipple, among other personal complaints. (Shaffer Affidavit, ¶ 38; Sullivan Affidavit, ¶ 27; **Exhibits 6, 10, 17, 18, 20, 28**).

 

THE DEFENDANTS,
LAURENCE SCHAFFER, JOHN VAN OUDENHOVE, DANIEL SULLIVAN and the TOWN OF VERNON

By_____
  James M. Sconzo, Esq.
  Fed. Bar # ct04571 and
  Kevin R. Brady, Esq.
  Fed. Bar # ct22135 of
  HALLORAN & SAGE LLP
  One Goodwin Square
  225 Asylum Street
  Hartford, CT 06103
  Federal Bar No. ct22135
  Their Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 20th day of February 2004, I hereby mailed a copy of the foregoing to:

Craig T. Dickinson, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

 

_____
Kevin R. Brady

517816.1

- 16 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105