**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARYANNE LEVESQUE,<br>    Plaintiff, | : | CIVIL ACTION<br>NO. 3-01-CV-1325 (DJS) |
| V. | : | |
| TOWN OF VERNON, LAURENCE R.<br>SCHAFFER, JOHN VAN OUDENHOVE<br>and DANIEL SULLIVAN,<br>    Defendants. | :<br><br><br>: | <br><br><br>MAY 6, 2004 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT**
**OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Conn. L. Civ. R. 7(d), the Defendants, The Town of Vernon (the "Town"), Laurence R. Schaffer, John Van Oudenhove and Daniel Sullivan, hereby submit this Reply Memorandum in Support of their Motion for Summary Judgment.

**I.   INTRODUCTION**

On April 15, 2004, the Plaintiff filed her Memorandum of law in Opposition to Defendants' Motion for Summary Judgment. The documents submitted by the Plaintiff, however, fail to meet the Plaintiff's burden to demonstrate that the Plaintiff was denied Fourteenth Amendment due process. (Pl's. Mem., pp. 12-21). Moreover, the Plaintiff has failed to demonstrate any First Amendment protected conduct or that the Defendants' conduct was motivated or substantially caused by the exercise of her free speech. (Pl's Mem., pp. 22-26).

The Plaintiff has also failed to demonstrate that her "protected speech" involved matters of public concern, rather than speech calculated to redress her own personal

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

grievances or her interpersonal conflicts with coworkers.  Id., Exhibits 9-14.  Moreover, the Plaintiff has failed to demonstrate that there was any causal connection between her speech and an adverse employment decision, such that the speech was a motivating factor in any employment decision. Id.  Moreover, any employment decisions were made based on legitimate non-discriminatory reasons based on the Plaintiff's continued uncooperative behavior, despite the Defendants' efforts to correct the same.  Accordingly, this Court should grant the Defendants' Motion for Summary Judgment as to all counts of the Complaint.

## II.     LAW AND ARGUMENT

### A.     Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case, on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The mere existence of factual issues as to some element will not suffice to defeat a motion for summary judgment, when such issues are not material to the claims before the court.  Cartier v. Lussier, 955 F.2d 841, 845 (2nd Cir. 1992) (citations omitted).

A party may not create its own "genuine" issue of fact simply by presenting contradictory or unsupported statements.  See Securities & Exch. Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978).  Moreover, mere conclusory allegations in legal memoranda are not evidence and cannot by themselves create a

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

genuine issue of material fact where none would otherwise exist. See Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2nd Cir. 1980).

### A.   THE DEFENDANTS AFFORDED THE PLAINTIFF DUE PROCESS.

The Plaintiff claims that she was given "no meaningful notice of her pre-termination hearing" and that the Defendants intentionally gave the pre-termination notice to her "very late in the day." (Pl's. Mem., p. 17.)  The Plaintiff's claim is based on a misunderstanding of what due process requires in the pre-termination context.  In Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), the Supreme Court held that when a state has created a property interest in employment, the process by which a decision to terminate that employment is made must satisfy the requirements of the procedural due process under the Fourteenth Amendment.  The essential requirements of due process are notice and an opportunity to respond. Id. at 546.  In Loudermill, the Court held that some form of pretermination hearing is required, id. at 542, but that hearing "need not be elaborate." See id. at 545.  The Court recognized that an employee facing termination "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. Id.  A hearing does not have to precede the termination decision, but only must precede the termination of benefits. Larson v. City of Fergus Falls, 229 F.3d 692, 697 (8th Cir. 2000).

Pre-termination hearings are not very stringent and a full evidentiary or adversarial hearing is not required. Loudermill, 470 U.S. at 545.  See West, 967 F.2d at

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

367. The pretermination hearing is merely the employee's chance to clarify the most basic misunderstandings or to convince the employer that termination is unwarranted. Powell v. Mikulecky, 891 F.2d 1454, 1458 (10th Cir. 1989). "[T]he pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions -- essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Loudermill, 470 U.S. at 545-46. The pretermination hearing is intended to supplement, not duplicate, the more elaborate post-termination hearing. Powell, 891 F.2d at 1458.

Under Loudermill, an employer is not required to provide the employee all the details of the charges. Larson, 229 F.3d at 697. Nor is the employer required to provide the employee with an investigative report or the names of co-workers who have made allegations against the employee. See Collyer v. Darling, 98 F.3d 211, 224 (6th Cir. 1997); Derstein v. Kansas, 915 F.2d 1410, 1413 (10th Cir. 1990). Loudermill only requires an "adequate" explanation of the evidence. Collyer, 98 F.3d at 224. Thus, the notice or explanation requirement is satisfied with only limited information being provided to an employee prior to the termination. See Larsen, 229 F.3d at 697-98.

The Plaintiff's emphasis is that she was not given adequate notice for her termination. (Pl's. Mem., p. 17). The Plaintiff further claims that the Defendants did not provide her with an explanation of charges that would justify her termination. (Pl's. Mem., p. 18). Due process does not require that she be given "evidence compiled

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

against the Plaintiff" as she suggests.  Id.  The relevant inquiry is only whether she received an adequate explanation of the Defendants' evidence.  She did.  It is an untenable position for the Plaintiff to claim that she had no notice of the reasons for her termination since it is undisputed that she received numerous written warnings regarding her uncooperative behavior at least as of June 1999.  See Exhibit 11.  Moreover, the Plaintiff was aware her behavior problems could result in her dismissal since she was specifically warned that it could result in her termination in April 2000.  See Exhibit 12.   Mr. Sullivan testified that during the course of the pre-termination meeting they discussed the Plaintiff's "continued lack of cooperation" as the basis for her termination. (Sullivan Dep., p. 81).   Accordingly, since the Defendants complied with the procedural due process requirements regarding the pre-termination process, summary judgment must enter in favor of the Defendants.

1.  The Plaintiff's Three Step Post-Termination Grievance Further Satisfies Procedural Due Process Requirements.

The Plaintiff relies on Bartlett v. Krause, 209 Conn. 352, 551 A.2d 710 (1998) for the proposition that the Plaintiff, similar to the Plaintiff in Bartlett, was denied due process in the termination context.  (Pl's. Mem., p. 15).  The undisputed facts of this case are clearly distinguishable based on the documented history of the Plaintiff's uncooperative behavior and the procedural safeguards afforded to the Plaintiff including the pre-termination notice and the three-step grievance post-termination process. See Exhibits 11, 24-26.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiff claims that she was never given "a meaningful opportunity to invoke the discretion of the decisionmaker." (Pl's. Mem., p. 16).  As set forth above, however, the post-termination grievance procedures under the Personnel Rules & Regulations satisfy any entitlement to post-depravation due process.  See Narumanchi, supra.  The mere participation of administrators in earlier decisions that relate only tangentially to the current adjudication does not constitute an impermissible conflict of interest, unless the employee can produce evidence that bias in fact infected resolution of her case. See Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 493, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). The Plaintiff must overcome a strong presumption of "honesty and integrity" in assessing whether the adjudicators were impartial. See Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); Vukadinovich v. Board of Sch. Trustees of Mich. City Area Schs., 978 F.2d 403, 411-12 (7th Cir.1992).  Moreover, due process does not require that the plaintiff be provided with an impartial pre-termination hearing. McDaniels v. Flick, 59 F.3d 446, 459 (3d Cir.1995), cert. denied, 516 U.S. 1146, 116 S.Ct. 1017, 134 L.Ed.2d 97 (1996).

In this case, the Plaintiff was provided with a pre-termination hearing and the requirements of due process do not require it to be impartial.  Moreover, the Plaintiff had "ample opportunity to voice her concerns and took advantage of every opportunity to allow anybody in a management position to know exactly what her feeling was relative to any and all of the disciplinary action taken against her at every step. . . . She was given every opportunity to access that system, and she did access that system."

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(Shaffer Dep., p. 16). Contrary to the Plaintiff's claims, her termination was a "combination decision" of her direct supervisor, the Town Administrator and the Human Resources Director. (Sullivan Dep., p. 66). Moreover, numerous individual employees of the town have been involved with the Plaintiff's documented history of uncooperative behavior and her termination process including James Luddecke, Finance Officer/Treasurer; and David Wheeler, Deputy Assessor. See Exhibits 10-26. Indeed, the Plaintiff's post-termination procedures allowed the Plaintiff to present her grievance to Mr. Shaffer, Mr. Sullivan and the Mayor, Diane Wheelock. See Exhibit 26. The Defendants are entitled to a strong presumption of integrity in assessing whether the procedures were impartial. The Plaintiff has presented no evidence to overcome this presumption of demonstrating actual bias, rather than mere potential bias. See Rado v. Board of Education, 216 Conn. 541, 556, 583 A.2d 102 (1990). As such, summary judgment must enter in favor of the Defendants.

2. The Plaintiff's Termination was Not Ultra Vires

The Plaintiff's claim that her termination was beyond the scope of the Town Charter is without merit. (Pl's Mem., p. 20-22). Specifically, the Town Charter and Personnel Rules provide:

> The Town Charter expressly authorizes rules and procedures to give effect to the Town Charter. Specifically, "[t]he Town Administrator shall cause to have prepared a set of personnel rules which shall provide, among other things, for the method of holding competitive examinations for entrance or promotion, the establishment and maintenance of list of eligibles, the administration of the classification plan, probationary periods of employment, hours of work, vacations, sick leaves and other leaves of

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

absence, removals, and other such rules as may be necessary to provide an adequate and systematic procedure for the handling of the personnel affairs of the town.

Town Charter, Chapter XIV, Section 3.  The Personnel Rule & Regulations provide:

> <u>Termination</u>: Should corrective, remedial disciplinary actions fail, or should the situation require the immediate dismissal of the employee, such action may be taken <u>with the approval of the Town Administrator</u> or his/her authorized representative.  In all cases involving employment decisions that will have an adverse impact on an employee, the employee will be notified of his/her rights under the Town Charter.

(Emphasis added) Personnel Rules & Regulations, § 11.7, p. 29.

This Court has examined cases involving a conflict between provisions of a Town Charter and a collective bargaining agreement.

> To resolve the conflict between the collective bargaining agreement and the Town Charter, the court reasoned that as a party to the collective bargaining agreement, the town could have included a provision allowing an incoming mayor to discharge employees at the end of the defeated mayor's term. The court concluded that the town apparently bargained away this right, leaving new mayors with the option of discharging only those appointees as to whom just cause for discharge exists.  Finally, the court relied on a section of the Connecticut General Statutes providing that in a conflict between a collective bargaining agreement and a town charter, the terms of the contract prevail.

(Citations omitted; internal quotation marks omitted)  <u>Gardiner v. Town of Fairfield</u>, 51 F.Supp.2d 158, 163 (1999).  In this case, the Personnel Rules & Procedures were adopted by the Vernon Town Council as revised and amended on various dates from 1982 through 1996.  <u>See</u> Exhibit 2.  As such, the Court can infer that the Town Council opted to authorize the Town Administrator's involvement in the termination process of employees and the Personnel Rules & Regulations would prevail. Moreover, the

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

testimony of Mr. Sullivan indicates that the decision to terminate the Plaintiff "was a combination decision made by Jack [Van Oudenhove] and Larry Shaffer and [Mr. Sullivan.]" Sullivan Dep., p. 66. As such, the Plaintiff's claim that her termination was outside the scope of the Town Charter or the Personnel Rules is without merit.

### B. THE PLAINTIFF HAS NOT RAISED ANY GENUINE ISSUE OF FACT IN SUPPORT OF CLAIM OF RETALIATION FOR SPEAKING OUT ON A MATTER OF PUBLIC CONCERN.

The Plaintiff claims that her termination decision was at least partially motivated by her alleged protected speech, which precludes summary judgment in this case. (Pls' Mem., p. 26). Specifically, the Plaintiffs claims that her alleged protected speech was addressing mismanagement, abuse of authority, and/or waste taking place within the Town Assessor's office. (Pls' Mem., p. 23.) The Plaintiff, however, has demonstrated no causal connection between any alleged protected speech and an adverse employment action.

The Second Circuit looks only at the employee's motive for the speech, "regardless of whether the subject matter of a particular statement is of inherent interest to society at large, 'to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose.'" Daley v. Aetna Life and Casualty Co. et al., 249 Conn. 766, 780 (1999) quoting Lewis v. Cowen, 163 F.3d 154, 163-64 (2d Cir. 1999). "[T]he fact that an employee's speech…touches on matters of public concern will not render that speech protected where the employee's motive for the speech is private and personal." Blum v. Schlegel, 18 F.3d 1005, 1012 (2d Cir.

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1994). The fact that the Plaintiffs' speech may touch on matters of public concern, such as tax assessments does not render the speech protected where the motive for the Plaintiffs' speech is private and personal. See Blum v. Schlegel, supra, 18 F.3d at 1012. Moreover, the fact that the Plaintiffs' claim could be broadly construed to implicate matters of public concern does not alter the general nature of her statements, which relate to her own personal grievances, such as the grievance of a warning notice placed in her personnel file. See Exhibit 13.

The Plaintiff claims that her termination decision was partially motivated by her alleged protected speech. (Pls' Mem., p. 26). The Plaintiff, however, has failed to demonstrate any causal connection between her alleged protected speech and her termination that it can be said that her speech was a motivating factor in the adverse employment decision as required for such a retaliation claim in this Circuit. See Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999). Accordingly, the Plaintiff has failed to meet her burden to demonstrate she engaged in protected conduct and summary judgment must enter in favor of the Defendants.

### III.  CONCLUSION

For the reasons set forth above and in the Defendants' Motion for Summary Judgment, the Defendants respectfully request the Court to enter summary judgment in their favor on all counts of the Complaint.

THE DEFENDANTS,

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

LAURENCE SCHAFFER, JOHN VAN OUDENHOVE, DANIEL SULLIVAN and the TOWN OF VERNON

By _____
James M. Sconzo, Esq.
Fed. Bar # ct04571 and
Kevin R. Brady, Esq.
Fed. Bar # ct22135 of
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Federal Bar No. ct22135
Their Attorneys

## **CERTIFICATION**

This is to certify that on this 6th day of May, 2004, I hereby mailed a copy of the foregoing to:

Craig T. Dickinson, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

_____
Kevin R. Brady

544362.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105