UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARYANNE LEVESQUE,** : | CIVIL ACTION |
| Plaintiff : | |
| : | No. 3:01 CV 1325 (DJS) |
| V. : | |
| : | |
| **TOWN OF VERNON, LAURENCE R.** : | |
| **SCHAFFER, JOHN VAN OUDENHOVE** : | |
| and **DANIEL SULLIVAN,** : | November 2, 2004 |
| Defendants. : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION
AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S CROSS-MOTION FOR RECONSIDERATION**

I.    INTRODUCTION

Plaintiff, Maryanne Levesque, hereby opposes Defendants' Motion for Reconsideration, dated October 15, 2004. Plaintiff also cross moves this Court to reconsider its rulings on Counts Two, Three, Four and Five of Plaintiff's Complaint.

Defendants contend that this Court erred in denying summary judgment on Plaintiff's claims for violation of the Due Process Clause of the Fourteenth Amendment and deprivation of liberty under the Fourteenth Amendment. Defendants, however, fail to make the requisite showing required on a motion for reconsideration and misstate the applicable law. Accordingly, Defendants' Motion should be denied.

Plaintiff claims that this Court erred by concluding that Plaintiff's expressions of opinion about mishandling of Town finances was not protected under the First Amendment. Accordingly, Plaintiff requests that this Court reconsider its ruling to the extent that it entered summary judgment on those claims brought by Plaintiff that are grounded in rights guaranteed by the First Amendment

1

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

II.     BACKGROUND

In its Memorandum of Decision, dated September 30, 2004, the Court held that a trier of fact could reasonably find in favor of Plaintiff on her claims of procedural due process in violation of the 14th Amendment, deprivation of liberty in violation of the 14th Amendment, defamation, and breach of contract.  The Court entered summary judgment for Defendants on Plaintiff's claims that were based on her exercise of free speech guaranteed by the First Amendment:  unlawful retaliation in violation of the First Amendment, General Statutes § 31-51q, and equal protection in violation of the First Amendment.

Several of the Court's factual findings are relevant to the instant motion.  The Court denied Defendants' request for summary judgment on Plaintiff's procedural due process claim on several grounds.  First, the Court concluded that "defendants have not met their burden of demonstrating that no fact finder could deem their procedures deficient in this instance."  (Mem. Decision at 14.)  Furthermore, the Court relied on evidence indicating that the decision to terminate Plaintiff could have been "pre-ordained" as of December, 2000 – several months before the pre-termination hearing.  (*Id.* at 14-15.)  Finally, the Court held that "defendants have not met their burden of demonstrating that they are entitled to judgment as a matter of law on plaintiff's claim that Shaffer exceeded his authority [under the Town Charter] when he terminated Levesque's employment."  (*Id.* at 16.)  In summation, the Court denied Defendants' qualified immunity argument and concluded that "the law is clear that Levesque was entitled to adequate notice of her pre-termination hearing, that defendants could not predetermine the result of this hearing, and that the Town Administrator lacked the authority to terminate her employment."  (*Id.* at 18.)

2

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

Likewise, the Court denied summary judgment on Plaintiff's deprivation of liberty claim. The Court concluded that issues of material fact existed regarding whether Van Oudenhove's statements were ever "made public" and whether Plaintiff could "prove that her prospects for future employment have been compromised." (*Id.* at 28.) According to the Court, "Van Oudenhove has not met his burden of demonstrating that Levesque could not possibly prove that the public could have access to the statements at issue . . . [and] Levesque may be able to prove to a jury that her employment prospects have been significantly damaged by Van Oudenhove's statements." (*Id.*) Once again, the Court rejected Defendants' claim to qualified immunity because, it concluded, "[s]hould a jury adopt Levesque's version of the facts, Van Oudenhove's actions violated clearly established law." (*Id.*)

For those claims brought by Plaintiff based on rights guaranteed by the First Amendment - retaliation in violation of the First Amendment, Connecticut General Statutes § 31-51q, and the Equal Protection Clause of the Fourteenth Amendment - the Court did enter summary judgment for Defendants because, it concluded, "Levesque's speech regarding office procedures and clerical mistakes . . . is not worthy of First Amendment protection." (*Id.* at 20.) This finding contradicted the Court's earlier recognition that the Plaintiff had discovered assessment errors and policy violations causing tax payers to be overcharged or the Town to be deprived of substantial revenue. (*Id.* at 4.)

Defendants move this Court to reconsider its ruling on Plaintiff's procedural and substantive due process claims. Plaintiff opposes Defendants' Motion and cross-moves for reconsideration of the Court's interpretation of Plaintiff's rights under the First Amendment.

3

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

III.     STANDARD OF REVIEW ON MOTION FOR RECONSIDERATION

"Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *Gold v. Dalkon Shield Claimants Trust*, No. 5:82-CV-383, 1998 WL 422900 at *2 (D. Conn. July 16, 1998).

"The standard for granting a motion for reconsideration is strict.  Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked --- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.  Thus, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *Scott v. Town of Monroe*, No. 3:02CV1539, 2004 WL 547202 at *1 (D. Conn. Mar. 12, 2004) (internal citations and quotations omitted).  "The movant **must** show that the court overlooked matters or controlling decisions which might reasonably have altered the court's result." *United States v. Mills*, No. 3:03CR00032, 2004 WL 57282 at *1 (D. Conn. Jan. 8, 2004) (emphasis added).  "[A] motion to reconsider should not be granted where the moving party seeks to relitigate an issue already decided." *Weinstock v. Wilk*, No. Civ.3:02CV1326, 2004 WL 367618 at *1 (D. Conn. Feb. 25, 2004) (internal quotations and citations omitted).  "The application of these standards is intended to prevent wasteful repetition of arguments already briefed, considered and decided." *Mills*, 2004 WL 57282 at *1. While the Defendants cannot satisfy this exacting standard, the Plaintiff can.

4

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

IV.     DISCUSSION

Defendants contend that this Court erred in its September 30th ruling when it denied summary judgment on Plaintiff's claims for procedural due process and deprivation of liberty. To the extent that Defendants do not put forth any controlling decisions or material facts which the Court may have overlooked and its discussion of the relevant law is flawed, the Court's original ruling on each of those claims should be affirmed.

   A.    The Court's Procedural Due Process Ruling Should be Sustained

Defendants contend that the Court's procedural due process ruling was erroneous in three respects. Defendants argue that the Court departed from the requirements of the due process clause by imposing due process requirements that do not exist; by holding that the due process clause is violated when a termination decision is "preordained" before the pre-termination hearing takes place; and finally, by giving credence to Plaintiff's *ultra vires* argument. Finally, Defendants contend that the Court erred by not entering summary judgment on the grounds of qualified immunity. Each of Defendants' arguments is unconvincing.

First, Defendants contend that the Court erroneously construed the rights guaranteed by the due process clause. Defendants' contention, however, that the due process clause does not provide a "constitutional right to receive a certain amount of advance warning that a pre-termination hearing is about to take place," (Def's Mem. Law at 10), is contrary to the well accepted principles of due process law. In its decision, the Court properly stated that the due process clause requires "that before being terminated such an employee be given oral or written notice of the charges against her, an explanation of the employer's evidence, and an opportunity to present her side of the story," and found that "[g]enuine issues of material fact" precluded summary judgment on Plaintiff's due process claim. (Mem. Decision at 13) (quoting *Otero v.*

5

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

*Bridgeport Housing Authority*, 297 F.3d 142, 151 (2d Cir. 2002)). Defendants do not point to any controlling precedent that supports their argument that the Court's conclusion was manifestly erroneous.

      Defendants similarly fail to meet their burden on the issue of whether Plaintiff's due process rights were violated by the fact that Plaintiff's termination was "preordained." First, Defendants do not provide this Court with any information to rebut the conclusion that Plaintiff's termination was preordained. Second, Defendants do not point to any controlling authority that contradicts this Court's ruling on the issue. Accordingly, there is no basis for this Court to reconsider its decision to deny summary judgment of Plaintiff's due process claim.

      Defendants have likewise failed to meet their burden on the issue of whether the Town Charter provided the Town Administrator with the authority to terminate Plaintiff's employment. (Def's Mem. Law at 11-14.) Defendants do not point this Court to any controlling authority that the Court may have overlooked. Instead, Defendants merely seek to relitigate an issue that has already been decided by this Court, which effort should be rejected.

      Further, the Court should disregard the portions of the Town Charter upon which Defendants now seeks to rely, Article X, section 3 and Chapter XI, section 6, because Defendants failed to rely on those provisions in their prior submissions to the Court on this issue. (*See* Def's Reply Brief, dated May 6, 2004, at 7-9.) It is well-settled that "a motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Weinstock v. Wilk*, 2004 WL 367618 at *1 (citations and quotations omitted). Accordingly, this Court's original ruling on the issue of whether the Town Charter provided Schaffer the authority to terminate Plaintiff should be sustained.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

Finally, Defendants fail to meet their burden on the issue of qualified immunity. Although Defendants repeatedly assert that the Court erred at every level of the qualified immunity analysis on Plaintiff's procedural due process claim, they do not point to any controlling precedent that contradicts the Court's September 30th ruling.

Defendants' argument on this issue demonstrates a misunderstanding of the allocation of the burden on its Motion for Reconsideration. Regarding the issue of qualified immunity, Defendants repeatedly assert that the Court erred by denying summary judgment on qualified immunity grounds because the Court "did not identify either a United States Supreme Court or Second Circuit decision that recognizes such a right." (Def's Mem. Law at 10, 14, 16.) Contrary to Defendants' repeated assertion, rights need not be explicitly recognized by previous decisions of the Supreme Court or the Second Circuit in order for an official's actions to violate clearly established law for purposes of qualified immunity.

In fact, Defendants concede this point in another section of their brief when they admit that "a right is clearly established if its contours are sufficiently clear that a reasonable official would understand what he is doing violates that right. **This is not to say that an official action is protected by qualified immunity unless the action in question has previously been held unlawful**; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." (Def's Mem. Law at 8) (quoting *Huminski v. Corsones*, 2004 WL 2248175 at *27 (2d Cir. Oct. 7, 2004)). Thus, Defendants' contention that, for purposes of qualified immunity, Defendants did not violate clearly established law because the Court did not identify a Second Circuit or Supreme Court opinion that explicitly recognizes such a right is not only contrary to the law of the Second Circuit, it is contrary to controlling authority cited in Defendants' own brief.

7

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

B.      The Court's Deprivation of Liberty Ruling Should be Sustained

Defendants contend that the Court erred in its analysis of Plaintiff's deprivation of liberty claim by erroneously applying the summary judgment standard of review. (Def's Mem. Law at 17-21.) Nothing in Defendants' argument, however, refutes the Court's conclusion, that "[i]ssues of material fact, however, preclude entry of judgment as a matter of law on this claim . . . the court is unable to discern from the record whether Van Oudenhove's statement was 'placed in the discharged employee's personnel file and are likely to be disclosed to potential employers." (Mem. Decision at 28.) Notwithstanding their extensive and thorough analysis of the summary judgment standard of review, Defendants failed to meet their burden on a motion for reconsideration because they failed to put forth controlling precedent or material information that was overlooked by the Court.

Furthermore, Defendants' contention that "[a]s a matter of law, these statements do not support a claim for deprivation of liberty under the Fourteenth Amendment," (Def's Mem. Law at 22), is contrary to well-settled law in the Second Circuit, which holds that statements made during the course of the termination process disparaging an employee's job performance, personality traits, and psychological well-being are sufficiently stigmatizing to support a claim for deprivation of liberty. (*See* Plaintiff's Opp to Mot. Summ. J. at 33-37) (and cases cited therein).

Finally, Defendants' argument regarding qualified immunity for Van Oudenhove should similarly be disregarded as many of Defendants' contentions were not raised in Defendant's previous submissions to the Court on this issue. As noted earlier, "a motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Weinstock v. Wilk*, 2004 WL 367618 at *1 (citations and quotations

8

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

omitted).  Accordingly, the Court's ruling on Plaintiff's deprivation of liberty claim should be sustained.

        C.      The Court Erred In Its Analysis of Whether Plaintiff's Conduct Was Protected Under the First Amendment

In its September 30th ruling, the Court entered summary judgment on several of Plaintiff's free speech related claims: retaliation in violation of the First Amendment, wrongful termination in violation of § 31-51q, and violation of the Equal Protection Clause of the Fourteenth Amendment. The Court concluded that "Levesque's speech regarding office procedures and clerical mistakes . . . is not worthy of First Amendment protection . . . because she spoke as an 'employee upon matters only of personal interest . . . the matters about which Levesque has spoken are not unique or severe enough to be of importance to the public at large." (Mem. Decision at 21-22.)  The Court's conclusions regarding these claims constitute a manifest error of law because they belie the facts and are contrary to well-settled principles of First Amendment jurisprudence.  Accordingly, reconsideration is appropriate.

Elsewhere in its decision, the Court summarized Plaintiff's complaints about "office procedures and clerical mistakes" as follows:  "Levesque claims that she discovered errors in billing practices as well as violations of Town policies . . . For example, Levesque found that a local restaurant was under-assessed by $100,000 and informed Van Oudenhove that certain bills should be amended to reflect the proper tax exemptions and refunds." (Mem. Decision at 4.) Elsewhere the Court stated, "Levesque comments, that the Assessor failed to note a veteran's exemption, over-assessed a property owner, under-assessed another property owner, completed the Grand List late, and improperly claimed mileage for field work that had not been done." (Mem. Decision at 21.)  Thus, the Court noted that the Plaintiff had repeatedly expressed concern on issues involving mishandling of the public fisc.

9

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

The Second Circuit has repeatedly held that speaking out on matters concerning waste, misallocation, and loss of public funds is a matter of public concern. (*See* Plaintiff's Opposition at 22-23) (and cases cited therein). While the Court may be correct that Plaintiff's complaints "are ordinary job-related issues present, to some degree, in every workplace," (Mem. Decision at 21), those complaints become *per se* matters of public concern when they happen in a public, as opposed to a private, workplace because the money wasted, misallocated, and lost was collected from the taxpayers. Thus, the Plaintiff addressed matters of public rather than personal concern when she commented on Town errors that resulted in under-assessments causing substantial revenue shortfalls, other errors causing several individuals to be erroneously overcharged, and false charges being made for field work that was not performed. Thus, the Court's conclusion that Plaintiff's speech was not on a matter of public concern was manifest error because it is contrary to the facts noted elsewhere in the opinion, as well as well-settled Second Circuit jurisprudence. Accordingly, the Court should reconsider its decision and deny summary judgment on Plaintiff's claims for retaliation in violation of the First Amendment, § 31-51q, and the Equal Protection Clause of the Fourteenth Amendment.

## V.     CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Reconsideration in its entirety and grant Plaintiff's cross-motion for reconsideration.

                                            Plaintiff, MaryAnn Levesque

                                            By:_____
                                               Craig T. Dickinson
                                          MADSEN, PRESTLEY & PARENTEAU LLC
                                          44 Capitol Avenue, Suite 201
                                          Hartford, CT 06106
                                          Juris No. 415600
                                          Tel. (860) 246-2466

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail on this date to the following counsel of record:

James Sconzo, Esq.
Kevin Brady, Esq.
HALLORAN & SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Craig T. Dickinson

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com